FIRST UNION TRUST & SAVINGS BANK
v. CONSUMERS' CO. et al.

No. 4841.

Circuit Court of Appeals, Seventh Circuit.
Jan. 31, 1933.

Rehearing Denied March 20, 1933.

Beverly B. Vedder and Thomas C. Strachan, Jr., both of Chicago, Ill., for appellant.

Edwin W. Sims, Walter Brewer, and James P. Carey, Jr., all of Chicago, Ill., for appellee receivers.

Silas H. Strawn, John D. Black, Fred J. McManus, and L. M. Bowden, all of Chicago, Ill., for appellee Consumers' Co.

Before EVANS, and SPARKS, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

Appellant has appealed from two orders separately entered, on separate applications of appellant who is the trustee named in an admiralty mortgage covering some of the property of the Goodrich Transit Company. One order denied appellant's application for a bond from the creditor who instituted the equity proceedings. The second order denied appellant's application for leave to file its libel in admiralty and to proceed thereunder with the foreclosure of its mortgage and the sale of the steamships covered thereby and to direct the receivers immediately to surrender possession of the ship to the custodian or the receiver to be appointed by the admiralty court.

On a previous appeal to this court [53 F.(2d) 972], appellant presented and pressed some of the same questions it now urges in its attack upon the second order.

The first order assailed by this appeal is not a final, and therefore not an appealable, order. Moreover, it was no abuse of discretion on the part of the court to refuse to require a bond of the petitioning creditor, as the court had for over a year, through its receivers, operated the boats of the Goodrich Transit Company and had become familiar with the risks and hazards of further operation. This was not the case of one seeking an injunction and thereupon being required to furnish a bond protecting the enjoined parties against loss, which case is covered by section 382, tit. 28, USCA. The injunc-

tion granted in this proceeding was one which merely prevented the defeat or the impairment of the court's jurisdiction. Bonds are not exacted as a matter of course when such orders are entered, although a court of equity, in the absence of any statute, may exact a bond from a plaintiff whenever the equities of the case call for it.

In determining whether the plaintiff should be required to secure other creditors against loss through the further operation of the insolvent company's business, the court was confronted by a question quite different from one involving the propriety of the continued operation of the company's business. Plaintiff, in the original suit, was an unsecured creditor of Goodrich Transit Company. It invoked the jurisdiction of a court of equity to protect and to safeguard the rights of all—the secured and unsecured creditors, as well as the stockholders of the debtor company. Having lawfully acquired jurisdiction of the subject-matter, the court, to better protect all the parties, appointed receivers. It directed the receivers to operate the company's business, which they did at a loss. At the end of a year the receivers were far better informed concerning the advisability of further operation than was the plaintiff who, in the first instance, merely invoked the jurisdiction of the court. The court might well have discontinued the operation of the business. Whether it should do so was one question. Entirely different was the question arising out of the application of appellant to compel the plaintiff to furnish bond to secure it and other creditors against loss by virtue of such operation.

However, should the court view the application of appellant for a bond as inseparably connected with the second order, we still could not say there had been an abuse of discretion. The Alabama was the only steamship covered by appellant's mortgage that was operated. The receivers suffered no loss through the operation of this steamship. Their losses occurred by virtue of the operation of other boats. The proof was to the effect that the steamship Alabama was maintained by the receivers in a good state of repair and her value was unimpaired by her operation. We fail to see wherein appellant was interested in that portion of the court's order which directed the operation of other steamships upon which it had no lien. True, it might assert that it would be entitled to a deficiency judgment in case the steamship Alabama were sold for a price less than the amount of its mortgage. The evidence, however, indicated that this steamship earned during the year it was operated by the receivers, a sum almost equal to the amount of appellant's mortgage. From this fact, it is inferable that the possibilities of a deficiency judgment were remote.

■ Respecting the second order, appellant's position would be a strong one but for two reasons. It must be admitted that the evidence against the continued operation of the business by the receivers was most persuasive. The likelihood of the receivers' conducting the business at a profit, in view of the experience of the preceding year's business, was altogether too remote and too uncertain to justify the court's taking the risks of loss. However, the order must be viewed, as far as appellant here is concerned, only as one affecting the steamship Alabama. As to it, the court was justified in assuming that the Alabama could be operated without loss and probably to the advantage of the lien holders.

Moreover, appellant did not seek to intervene in the equity suit, but attempted to take possession of the steamships, covered by its mortgage, and remove them from the possession of the court which first acquired jurisdiction over them and which was in the best position to protect all of the creditors. Had appellant's petition been granted, then the property would have been transferred to the jurisdiction of the admiralty court which was not in a position to protect all the creditors. The admiralty court was a court of limited jurisdiction. The powers of the court of equity were plenary.

We held on the previous appeal, 53 F. (2d) 972, that the court of equity which had acquired jurisdiction of the res within the district was not required to surrender that jurisdiction upon the petition of one who held an admiralty mortgage. Appellant could have intervened, and its rights would have been fully protected in the equity court. We conclude therefore that in refusing to surrender its jurisdiction the court of equity not only did not abuse its discretion, but wisely insisted that all claimants and creditors should litigate their claims in a court which could protect them all. We have no doubt but that this court of equity can, and will, fully protect appellant by acquiring jurisdiction of all libelants holding liens against the Alabama, residing outside of the court's jurisdiction.

The orders are

Affirmed.